# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>v.<br><br>TODD FUNDERMANN,<br>                  Defendant | Case No.    8:19CR165<br><br>**ORDER OF DETENTION PENDING TRIAL** |

## Part I - Eligibility for Detention

Upon the

    ☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1),

the Court held a detention hearing and found that detention is warranted.

This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

## Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

    ☒ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☒ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

    ☒ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

## Part III - Analysis and Statement of the Reasons for Detention

If one were to find that the defendant has introduced sufficient evidence to rebut the presumption above, after considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

    ☒ Subject to lengthy period of incarceration if convicted
    ☒ Prior criminal history
    ☒ History of violence or use of weapons
    ☒ History of alcohol or substance abuse
    ☒ Lack of stable employment
    ☒ The nature and circumstances of the offense charged.
    ☒ The current offense involves a controlled substance, firearm, explosive or destructive device.

☒ The mental condition of the defendant.
☒ The nature and seriousness of the danger posed by the defendant's release.

**Part IV - Directions Regarding Detention**

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 6/13/2019

s/ Susan M. Bazis
United States Magistrate Judge